**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 2:20-cr-0146 |
| | ) | |
| vs. | ) | |
| | ) | Judge Robert J. Colville |
| | ) | |
| JACOB KOLONIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER OF COURT**

Before the Court is the Government's Motion for Revocation of Order of Pretrial Release
(ECF No. 31).  The Government requests that this Court review Magistrate Judge Maureen P.
Kelly's August 14, 2020 Order Setting Conditions of Release (ECF No. 28) in this matter, and
revoke Judge Kelly's release order and impose an order directing that Defendant Jacob Kolonis
("Defendant") remain detained pending trial.  Defendant filed a Brief in Opposition (ECF No. 37)
to Defendant's Motion on August 24, 2020.  Following consideration of the Government's Motion,
all relevant briefing, the transcripts of the detention hearing before Judge Kelly (ECF Nos. 33 and
34), all relevant testimony and exhibits introduced during the detention hearing, and the Pretrial
Services Report, and for the reasons discussed below, the Government's Motion will be denied.

**I.    Procedural History**

On July 8, 2020, Defendant was charged in a 16-count Indictment with seven counts of
Interstate Transmission of an Extortion Communication, in violation of 18 U.S.C. § 875(d) (Counts
1-4, 7, 11, and 15); three counts of Production and Attempted Production of Material Depicting
the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2251(a) and (e) (Counts 5, 9, and
13); three counts of Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation

of a Minor, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Counts 6, 10, and 14); and three counts of Transfer of Obscene Material to a Minor, in violation of 18 U.S.C. § 1470 (Counts 8, 12, and 16).  ECF No. 3.

The Government filed a Request for Detention (ECF No. 11) on July 20, 2020, and a detention hearing was held before Judge Kelly on August 13, 2020 and August 14, 2020.  After hearing argument and considering the evidence presented by the parties, as well as consideration of the Pretrial Services Report,[1] Judge Kelly made several findings on the record with respect to the criteria and factors set forth at 18 U.S.C. § 3142, and ultimately ordered that Defendant be released on bond subject to certain conditions.  August 14, 2020 Tr. 119-32, ECF No. 34.  Specifically, in addition to the standard conditions of release, Judge Kelly's Order Setting Conditions of Release provides the following individualized conditions tailored to the circumstances presented by this case:

> (1) Defendant's aunt, Sandra Halpern, was appointed as Defendant's third-party custodian.  Defendant is required to reside with Ms. Halpern at Ms. Halpern's residence both prior to and following his release from inpatient treatment at KeyStone Center Extended Care Unit ("KeyStone") in Chester, Pennsylvania.
>
> (2) Defendant is required to submit to supervision by, and report for supervision to, the Pretrial Services Officer.
>
> (3) Defendant must surrender his passport to the Pretrial Services Officer, and may not otherwise obtain a passport or other international travel document.
>
> (4) Defendant's personal association, residence, and travel are restricted to the Western District of Pennsylvania, except that he is permitted and required to travel to the Eastern District of Pennsylvania for intensive inpatient treatment at KeyStone.
>
> (5) Defendant must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.

---

[1] The August 12, 2020 Pretrial Services Report in this matter was prepared by U.S. Probation Officer Wendy M. Brown and was reviewed by Supervising U.S. Probation Officer Eric D. Bossart.

(6) Immediately following his release from Allegheny County Jail, Defendant is to be placed on GPS monitoring.  Defendant is required to pay part or all of the costs of such monitoring.  The installation of the GPS monitoring system is to take place at a location in Pittsburgh immediately following Defendant's release from Allegheny County jail.

(7) Following installation of the GPS monitoring system, Defendant is to be immediately transported to KeyStone for intensive inpatient treatment.  Defendant must immediately seek admission to KeyStone for intensive inpatient treatment.  Defendant is required to successfully complete this treatment at KeyStone, and must remain as an inpatient for the period of treatment recommended by the KeyStone treatment providers.  Defendant is not to be released from KeyStone to the Western District of Pennsylvania until an intensive outpatient treatment program is in place with a licensed specialist in the Western District.  Once successfully discharged from KeyStone, Defendant must receive and participate in intensive outpatient treatment in the Western District of Pennsylvania, as recommended by KeyStone.

(8) Defendant is subject to home incarceration following his release from Allegheny County Jail.  He is restricted to 24-hour-a-day lockdown at his residence except for medical necessities and medical/psychiatric treatment.[2]

(9) Defendant is subject to a total prohibition of access to the Internet or computers as described in Condition A of Judge Kelly's Order Setting Conditions of Release.  Defendant is not permitted any computer access.  The only exception to this prohibition is for telemedicine appointments supervised by a custodian.

(10) Defendant may have access to a phone with the ability only to be used as a phone.[3]  That phone may not have any other applications, nor texting capabilities.  Defendant is not permitted access to this personal cell phone while at KeyStone.

(11) Defendant is not to possess a firearm, destructive device, or other weapon.  Defendant also must not use alcohol excessively or use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

---

[2] This Court notes that Judge Kelly's Order Setting Conditions of Release seemingly restricts Defendant to the terms of home incarceration during both his stay with Ms. Halpern and his time at KeyStone for inpatient treatment.  This Court finds this condition to be appropriate.  The Court notes that Defendant is required to complete this inpatient treatment as a condition of release, and that the 24-hour home incarceration restriction allows for psychiatric treatment.  *See* ECF No. 29 at 2-3.  Further, Dr. David Pellack of KeyStone testified that KeyStone: (1) can accommodate individuals who are on electronic monitoring; (2) has housed individuals who were not permitted to leave KeyStone premises in the past; and (3) will, if a condition of release requires that an individual not leave KeyStone premises, contact the individual's probation officer if that individual leaves the premises.  *See* August 14, 2020 Tr. 70-72; 74-75, ECF No. 34.  Accordingly, the Court finds that the home incarceration condition set forth in Judge Kelly's Order Setting Conditions of Release should, and was intended to, apply while Defendant receives inpatient treatment at KeyStone, as well as while he resides with Ms. Halpern.

[3] The Court interprets this condition to restrict the phone's capabilities to only making and receiving telephone calls.

(12) Defendant must report to the pretrial services officer or supervising officer every contact with law enforcement personnel, and must also report to pretrial services any change in address, telephone number, or employment status.

*See* ECF No. 29; *see also* August 14, 2020 Tr. 120-34, ECF No. 34.[4]

At the conclusion of the detention hearing, the Government requested a 24-hour stay of Defendant's release to consider whether the Government would appeal Judge Kelly's decision regarding Defendant's release.  August 14, 2020 Tr. 135, ECF No. 34.  Judge Kelly subsequently entered an Order (ECF No. 29) staying Defendant's release pending the Government's appeal. The Government filed its Motion for Revocation of Order of Pretrial Release on August 15, 2020. On August 17, 2020, this Court entered an Order (ECF No. 32) requiring the Government to order expedited transcripts and setting a briefing schedule with respect to the Government's Motion. The transcripts from the detention hearing before Judge Kelly were filed on August 20, 2020.  The Government filed its Brief in Support (ECF No. 37) of its Motion on August 21, 2020, and Defendant filed his Brief in Opposition on August 24, 2020.

## II.    Legal Standard

Pursuant to 18 U.S.C. § 3145(a), "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . ."  A district judge exercises de novo review over a release order entered by a magistrate judge.  *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985).  "De novo review does not require an additional evidentiary hearing[,]"and the district court "may make its

---

[4] The Court notes that it has not quoted these conditions directly from these sources, but rather has presented them in a numbered list for purposes of presenting the information in an efficient manner.

independent determination based solely upon the evidence introduced at the prior hearing."[5] *United States v. Burgess*, No. 2:09-CR-150, 2009 WL 2038148, at *2 (W.D. Pa. July 8, 2009) (citations omitted).  A district court may further incorporate the transcript of the hearing before the magistrate judge, including any exhibits admitted therein.  *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994).  The district court "may also consider any additional evidence or proffers submitted in conjunction with any supplemental proceedings."  *Burgess*, No. 2:09-CR-150, 2009 WL 2038148, at *2 (W.D. Pa. July 8, 2009) (quoting *United States v. Farris*, 2008 WL 1944131, *7 (W.D. Pa. 2008)).

The Bail Reform Act of 1984 provides that a judicial officer must order the pretrial release of a defendant on personal recognizance, or upon execution of an unsecured appearance bond, unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.  18 U.S.C. § 3142(b).  If, following a hearing, the judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."  18 U.S.C. § 3142(e)(1).

Where the judicial officer finds that there is probable cause to believe that a defendant has committed certain offenses, there exists a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e)(3).  To rebut this presumption, a defendant "must produce some credible evidence forming a basis for his contention that he will appear and will not

---

[5] Because the record was fully developed before Judge Kelly, and because this Court is not required to conduct an additional hearing, the Court denies the Government's request that this Court schedule a hearing on the Government's Motion.

5

pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (citing *United States v. Jessup*, 757 F.2d 378 (1st Cir.1985)).   The defendant's burden of production in rebutting the presumption is relatively light and has been construed as easy to meet. *Chagra*, 850 F. Supp. at 357 (citing *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).   "If the defendant rebuts the presumption, the burden of persuasion remains with the government." *Id.* (citing *United States v. Alatishe*, 768 F.2d 364, 371 (D.C.Cir.1985)).   If the defendant rebuts the presumption, the government is required to prove: (1) that the defendant is a danger to the safety of any other person and the community by clear and convincing evidence; or (2) that the defendant poses a risk of flight by a preponderance of the evidence.   *Id.*

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, a judicial officer must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

> (2) the weight of the evidence against the person;

> (3) the history and characteristics of the person, including—

>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## III.   Analysis

Initially, the Court finds that there is probable cause to believe that Defendant committed the offenses with which he is charged in the Indictment based upon the grand jury's return of the Indictment. *See United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986) (holding that "the indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e)").   In the present case, Defendant is charged with, inter alia, offenses involving minor victims under Sections 2251 and 2252(a)(2).  These charges raise the rebuttable statutory presumption that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(E).

The Court finds that Defendant has introduced some evidence that he will appear and will not pose a threat to the community.  Specifically, Defendant has introduced evidence with respect to his history and characteristics which weigh against pretrial detention in this matter, as discussed in further detail below.  Defendant also introduced evidence regarding his willingness and ability to attend inpatient treatment at KeyStone, as well as abide by all other Court-imposed conditions of his pretrial release.  Further, Defendant's aunt, Sandra Halpern, testified that she is willing to serve as third-party custodian for Defendant, and also testified that, if required by the Court, she and her husband will, during Defendant's stay at their residence, change the passwords for their Wi-Fi network, as well as the passwords for each and every internet-capable electronic device in their residence, and that they will not provide such passwords to Defendant.[6]   Accordingly,

---

[6] Judge Kelly informed Ms. Halpern during the detention hearing that Ms. Halpern was required to change such passwords prior to Defendant returning to her residence, and that Defendant was not to have access to the Internet or any device which can access the Internet. *See* August 14, 2020 Tr. 127, ECF No. 34

Defendant has rebutted the presumption that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community. As such, the Court must consider the 18 U.S.C. § 3142(g) factors in determining whether there are conditions of release that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community.

### A. Nature and Circumstances of the Offenses Charged

Defendant has been charged with seven counts of Interstate Transmission of an Extortion Communication, three counts of Production and Attempted Production of Material Depicting the Sexual Exploitation of a Minor, three counts of Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor, and three counts of Transfer of Obscene Material to a Minor. These charges are clearly and undeniably serious in nature. Special Agent David Coleman testified as to the nature and circumstances of the offenses charged, and the Government also introduced Exhibits in support of its request for pretrial detention in this matter. The Government has presented evidence that Defendant extorted, and attempted to extort, minors to provide Defendant with sexually explicit photographs and videos of themselves via the social media application Snapchat. Specifically, two Snapchat user accounts, which are either associated with Defendant and/or the cell phone found in Defendant's possession during the execution of a search warrant, threatened to disclose nude images or videos of these minors to the minors' classmates and Snapchat followers if the minors did not supply sexually explicit images of themselves to these Snapchat user accounts. Defendant has also been accused of sending sexually explicit videos, specifically of himself masturbating, to three of the minor victims. In light of the above, the Court finds that the nature and circumstances of the charges in this case, taken alone, clearly weigh in favor of pretrial detention.

### B. Weight of the Evidence

Judge Kelly presided over a seven-hour detention hearing in this matter, and this Court has reviewed the entirety of the transcripts of the proceedings before Judge Kelly, as well as the Exhibits introduced by the parties.   The evidence presented against Defendant in this case is substantial.   In addition to the evidence discussed above, the Court further notes that a search of the cell phone seized from Defendant revealed that this cell phone contained sexually explicit content of minor females, including photographs and/or videos of three of the victims in this case, and further contained evidence that the cell phone belonged to Defendant and was in his possession at the time that the charged offenses took place.   While recognizing that Defendant is presumed innocent of the charged offenses, the Court finds that the weight of the evidence against Defendant is substantial and favors pretrial detention.

### C. History and Characteristics of the Person

The Court agrees with Judge Kelly's analysis respecting this factor, and further agrees that it weighs against pretrial detention in this matter.   Defendant is 27 years old and in fair physical health.   Following his graduation from undergraduate school in 2015, Defendant maintained steady employment and attended graduate school.   The Court does note, however, that Plaintiff has been unemployed since February of this year, and no evidence regarding any source of income was introduced.   A lack of income is somewhat concerning given the fact that Defendant is required to complete inpatient treatment at KeyStone as a condition of release.   The Pretrial Services Report indicates, however, that Defendant is financially supported by family, has a total net worth of $35,000.00,[7] and that he has no liabilities or monthly expenses.   The Court would also note, as Judge Kelly did, that while Defendant does not have a history of mental health treatment, the

---

[7] This amount is derived entirely from his ownership of a vehicle worth $35,000.00.

evidence in this case displays compulsive behavior, and Defendant himself had sought treatment at KeyStone with respect to his mental health.  Defendant has the support of family including Ms. Halpern and his mother, who also virtually attended the detention hearing.  Defendant has ties to this community in that he has resided in the Western District of Pennsylvania for three years and that he has family, specifically Ms. Halpern and her husband, who reside here as well.  Defendant has no history of drug or alcohol abuse.  Further, Defendant has no criminal history, and, accordingly, there is no record concerning his appearance at court proceedings.  Defendant made arrangements to surrender himself once he found out that officers had attempted to arrest him at Ms. Halpern's residence.  Defendant was not on parole, probation, or any other type of release at the time of the offenses at issue or his arrest.  Taking all of the above into account, this factor weighs against pretrial detention.

Further, Defendant's aunt, Sandra Halpern, is willing to serve as third-party custodian for the Defendant.  "[T]he mere fact that a relative or other individual is willing to serve as a third party custodian for a defendant is not sufficient to justify release on such conditions but is among the factors to be considered when evaluating whether release or detention is appropriate in a given case."  *United States v. Bey*, Crim. No. 15-87, 2015 WL 7176340, at *5 (W.D. Pa. Nov. 13, 2015) (citing United States v. Bratcher, Crim. No. 14–28, 2014 WL 1371582 (W.D. Pa. Apr.8, 2014) (Conti, C.J.)).  This factor also weighs against pretrial detention in this case.

### D.  Nature and Seriousness of the Danger to Any Person or the Community

The evidence before the Court supports a finding that Defendant, when permitted access to a device that can access the Internet, poses a risk to the community.  Agent Coleman testified that Defendant contacted more than 300 individuals via Snapchat in a two-day time frame from August 29, 2019 to August 30, 2019, *see* August 13, 2020 Tr. 25, ECF No. 33, and further testified

that the phone seized from Defendant contained sexually explicit content of approximately twenty

unidentified individuals believed to be minors, *see* August 13, 2020 Tr. 76, ECF No. 33.  As such,

any unsupervised access by Defendant to a device that can connect to the Internet for any period

of time poses a risk to the community.  While acknowledging this risk, the Court also finds that

Judge Kelly's Order Setting Conditions of Release is pointedly and effectively designed to

eliminate Defendant's ability to gain unsupervised access the Internet or to acquire a device that

can access the Internet.  Under Judge Kelly's Order, the only phone which Defendant is permitted

access to is a phone that is capable only of making outgoing and receiving incoming telephone

calls.  Judge Kelly's August 14, 2020 Order Setting Conditions of Release further provides for a

total prohibition of access to the Internet or computers as described in Condition A of Judge Kelly's

Order.[8]

Further, Defendant will be subject to the terms of home incarceration as defined in Judge

Kelly's Order Setting Conditions of Release during both his time at Ms. Halpern's residence and

during his inpatient treatment at KeyStone, thus preventing Defendant from attempting to acquire

a smart phone or utilizing free Wi-Fi internet at a location such as a restaurant.  Defendant is also

subject to electronic GPS monitoring at both locations, such that any violation of the home

incarceration condition can be swiftly addressed.  *See* August 14, 2020 Tr. 27, ECF No. 34.  The

Court acknowledges that there are two smartphones, two computers, and an iPad in Ms. Halpern's

residence, each belonging to either Ms. Halpern or her husband, and that Ms. Halpern's home has

Wi-Fi internet access.  *Id.* at 50-53.  However, each of these devices, as well as Ms. Halpern's Wi-

Fi network, is password protected, and Judge Kelly has required Ms. Halpern to change the

passwords for each of these devices, as well as the password for her Wi-Fi network, and further

---

[8] The only exception to this prohibition is for telemedicine appointments supervised by a custodian.

instructed Ms. Halpern that Defendant is not to be provided access to these passwords, devices, or the Wi-Fi network. *See id.* at 127. Ms. Halpern testified that both she and her husband would abide by any such requirement. *Id.* at 57-58.

The very strict and comprehensive conditions described above reasonably assure the safety of the community in this case, as the Defendant will have no unsupervised access to the Internet or a device that can access the Internet pending trial. The Court reiterates Judge Kelly's directive that each and every one of the conditions of release imposed in this case must be followed in every respect and detail. The Court also finds that the Government has not met its burden of otherwise establishing that Defendant poses a risk of flight by a preponderance of the evidence.

## IV.     Conclusion

In light of all of the above, the Court finds that Defendant has rebutted the presumption that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community. Further, while the Court recognizes the very serious concerns of the Government and acknowledges the legitimate apprehensions and worries of the victims and their families, the Court also finds that the Government has not proven by clear and convincing evidence that the defendant is a danger to the safety of any other person and the community such that no condition or combination of conditions will reasonably assure the safety of the community, or that the defendant poses a risk of flight by a preponderance of the evidence. Accordingly, it is hereby ORDERED that the Government's Motion for Revocation of Order of Pretrial Release (ECF No. 31) is denied. It is hereby FURTHER ORDERED that Defendant shall be released from detention subject to the conditions set forth in Judge Kelly's August 14, 2020

Order Setting Conditions of Release as set forth in that Order and as further explained by the instant Memorandum Order.

BY THE COURT:

s/*Robert. J. Colville*__
Robert J. Colville
United States District Judge

DATED: September 3, 2020

cc/ecf: All counsel of record

Jacob Kolonis (USM #03262-509) c/o Kenneth J. Haber, Esquire

U.S. Marshal

Pretrial Services